WENTWORTH *v.* FLOWERS *et al.*

(Division A. Feb. 23, 1932.)

[139 So. 624. No. 29777.]

Whittington & McGehee, of Meadville, for appellant.

Cook, J., delivered the opinion of the court.

The appellant, W. L. Wentworth, filed a bill in the chancery court of Franklin county against Mrs. Lennie Flowers and her husband, Mack Flowers, seeking to quiet and confirm his asserted title to certain lands which were claimed by the defendants, appellees here.

The appellant claimed title to the land and property in question under and by virtue of a sale under an execution issued upon a judgment rendered in an attachment proceedings, and the record of the attachment proceedings and sale thereunder appears to be, in all respects, regular, except in one material respect hereinafter discussed.

The record discloses that the property in controversy was formerly the homestead of Alva Thornhill and the appellee, Mrs. Lennie Flowers, who was then the wife of the said Thornhill.

Alva Thornhill abandoned his homestead and moved to Louisiana, and, on the 19th day of September, 1929, the appellee was divorced from him.

On August 31, 1929, an attachment suit against the said Alva Thornhill was filed in the justice of the peace court and made returnable on September 7, 1929, and on September 13, 1929, upon an affidavit being filed alleging that the defendant in attachment was a nonresident, and that his post office address was Winnsboro, La., the justice of the peace mailed to said defendant notice of the pendency of the attachment against him, requiring the appearance of said defendant before the justice of the peace court on October 19, 1929, and made proper proof of such mailing.

On October 19, 1929, a regular term day of the justice of the peace court, the defendant Thornhill failed to appear, and a judgment by default was rendered against him, which ordered the issuance of a special execution for the sale of the property levied upon. Thereafter this execution was issued, and, upon proper notice, the land was sold and conveyed to the appellant by the constable of the district; the proceedings of the constable under the execution appearing, in all respects, to be regular.

The judgment in attachment upon which the special execution was issued recites that affidavit was filed by the plaintiff, as required by law, alleging that the defendant was a nonresident, and that his post office address was Winnsboro, La.: that the justice of the peace mailed notice to said nonresident, as required by law, and made proper affidavit of such mailing, in accordance with the law, on the 13th day of September, 1929; that said notice required the said defendant to appear in said court on October 19, 1929, to plead to said action; and

that the defendant failed to appear and plead thereto. The docket entries of the justice of the peace which were made a part of the record on this appeal show the following: "Kind of process; mailed notice of attachment to defendant at Winnsboro, by E. B. Byrd, justice of the peace, on September 13th, 1929."

The proceedings before a justice of the peace are regulated by section 171, Code of 1930, wherein it is provided that in such case a defendant not found shall be given notice requiring the appearance of such defendant at some reasonable time, to be fixed by the justice, not less than one month after the return day of the attachment, and shall be transmitted by such justice by mail to the defendant, at his post office when stated; "and such notice shall not be published in a newspaper, but shall be posted in three public places, where they will be likely to be seen by persons in the district of the justice of the peace, three weeks before the time for the appearance of the defendant."

The court of the justice of the peace is a court of record and general jurisdiction, and, on a collateral attack of the judgment of a justice of the peace rendered by default on constructive service, all jurisdictional facts not expressly adjudicated in the judgment will be presumed. Cotton v. Harland, 124 Miss. 691, 87 So. 152. But, where the character of the process and the manner of service thereof are expressly adjudicated in the face of the judgment, there can be no presumption of other or different process or service.

In the case at bar, the judgment, which imports verity, expressly adjudicates that notice was given to the defendant by mail addressed to his post office address, and, in the face of this adjudication of the manner of service of the notice, there is no presumption that the service of the notice was completed by posting such notice, "in three public places where they will be likely to be seen by persons in the district of the justice of the peace, three weeks

before the time for the appearance of the defendant." This adjudication on the face of the judgment as to the kind of process and the manner of service is confirmed by the docket entries of the justice of the peace which were made a part of this record, and which recite, under the heading, "Kind of process," that the notice of the attachment was mailed to the defendant at Winnsboro, La., by E. B. Byrd, justice of the peace, on September 13, 1929.

It thus affirmatively appears from the record that no sufficient notice was given to the defendant. The statute requires, in express terms, that, in addition to mailing the notice to the post office address of the defendant, such notice shall be posted in three public places, where they will be likely to be seen by persons in the district of the justice of the peace. In the case of Zecharie v. Bowers, 3 Smedes & M. 641, it was held that, where the statute required the publication of process in a newspaper and the posting of a copy thereof at the courthouse door, proof of publication in a newspaper alone was insufficient to sustain a decree, the court saying that: "The statute requires, in express terms, that 'there shall be a copy of the order posted at the front door of the court,' besides a publication in some public newspaper. It is the uniform and unbroken course of decision, that under all statutes which authorize the substitution of some other means for personal service of process, as a foundation for the jurisdiction of the Court, the most exact compliance with those requisitions will be enforced. Unless such compliance be shown affirmatively, the proceeding will not be sustained."

In the case at bar, it affirmatively appears that the judgment is not based upon any sufficient notice to the defendant, either actual or constructive, to require his appearance, and it is therefore void, and the sale of the property condemned thereby conferred no title on the purchaser at such sale.

The decree of the court below will therefore be affirmed.

Affirmed.